UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRANDON A. BACKE, et al., § <br> § <br> Plaintiffs, § <br> v. §    CIV. NO. 10-CV-388 <br> § <br> CITY OF GALVESTON, TEXAS, et al. § <br> § <br> Defendants. § | |

## MEMORANDUM AND ORDER

In six days, trial will commence in this case. A jury will be asked to determine whether, in the early morning hours of October 5, 2008, thirteen members of the Galveston Police Department violated the Fourth Amendment rights of the twelve plaintiffs when they used force against those plaintiffs, or failed to intervene when fellow officers did so (the "Individual Defendant claims"). Plaintiffs also seek recovery from the City of Galveston itself, on the theory that the offending officers acted pursuant to one or more longstanding municipal customs of which the City was aware and which the City had failed to rectify (the "*Monell* claims"). The Court has addressed the factual bases for both types of claims in two lengthy rulings on summary judgment and will not repeat those descriptions here.[1]

Defendants have moved for separate trials on the Individual Defendant claims and *Monell* claims. (Doc. No. 131.) Plaintiffs oppose separate trials. (Doc. No. 134.) The Court has reviewed the written submissions and the relevant law and finds that Defendants' Motion for Separate Trials (Doc. No. 131) must be **DENIED**.

---

[1] *See Backe et al. v. City of Galveston et al.* ("*Backe II*"), --- F. Supp. 2d ---, 2014 WL 868223 (S.D. Tex. Mar. 5, 2014); *Backe et al. v. City of Galveston et al.* ("*Backe I*"), Civ. No. 10-CV-388, 2014 WL 794025 (S.D. Tex. Feb. 27, 2014).

I.  **LEGAL STANDARDS**

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues [or] claims[.]" FED. R. CIV. P. 42(b). However, "separation of issues is not the usual course that should be followed." *Response of Carolina, Inc. v. Leasco Response, Inc.*, 537 F.2d 1307, 1324 (5th Cir. 1976). "[T]here is an important limitation on ordering a separate trial of issues under Rule 42(b): the issue to be tried must be so distinct and separate from the others that a trial of it alone may be had without injustice." *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 305 (5th Cir. 1993) (quoting *Swofford v. B. & W., Inc.*, 336 F.2d 406, 415 (5th Cir.1964)). The limitation recognizes that, inherent in the Seventh Amendment's guarantee of a trial by jury, is the "general right of a litigant to have only one jury pass on a common issue of fact." *Alabama v. Blue Bird Body Co.*, 573 F.2d 309, 318 (5th Cir. 1978); *see also* Fed. R. Civ. P. 42(b) ("When ordering a separate trial, the court must preserve any federal right to a jury trial."). There is the "additional, pragmatic" consideration that, "if two juries were allowed to pass on an issue involving the same factual and legal elements, the verdicts rendered by those juries could be inconsistent, producing intolerably anomalous results." *McDaniel*, 987 F.2d at 305; *Blue Bird Body Co.*, 573 F.2d at 318.

II. **ANALYSIS**

In its summary judgment order on Plaintiffs' *Monell* claims, the Court made frequent reference to the common nucleus of facts that underpin the Individual Defendant and *Monell* claims. *See Backe et al. v. City of Galveston et al.* ("*Backe II*"), --- F. Supp. 2d ---, 2014 WL 868223, at *2-7, *11-12 (S.D. Tex. Mar. 5, 2014). Both types of claims will require careful consideration of what transpired in the early morning hours of October 5, 2008, during the mélee which the Court has referred to as the "H2o incident." It would be wasteful and duplicative for

the relevant evidence to be rendered twice, to two separate juries. It would also visit significant prejudice upon Plaintiffs to invite potentially "inconsistent" and "anomalous" results by submitting the claims to separate juries. As the Fifth Circuit has cautioned, they should be afforded a single jury "pass[ing] on . . . common issue[s] of fact." *Blue Bird Body Co.*, 573 F.2d at 318.

Defendants have identified two concerns with a single trial on both types of claims. Neither disturbs the Court's conclusion that the purposes of Rule 42(b) would not be served by separate trials.

First, Defendants argue that evidence relevant to the *Monell* claims may be irrelevant or unduly prejudicial on the matter of whether the Individual Defendants violated Plaintiffs' Fourth Amendment rights on the night in question. (Doc. No. 131, at 2-4.) Even assuming that this contention is true, the Court can and will carefully instruct the jury on the purposes for which the evidence is offered and on the appropriate limitations regarding its use. *See Guedry v. Marino*, 164 F.R.D. 181, 186 (E.D. La. 1995) (rejecting motion to sever under Rule 20(a) because "any potential confusion to the jury" caused by "exposure to irrelevant evidence" can "surely be remedied at trial through a limiting instruction by the Court") (citing *Hanley v. First Investors Corp.*, 151 F.R.D. 76 (E.D. Tex. 1993)).

Second, Defendants claim that if the jury finds *no* Individual Defendant used excessive force during the H2o incident, adjudication of the *Monell* claims could be avoided altogether. (Doc. No. 131, at 2, 4.) The Court notes its uncertainty as to whether this result would necessarily obtain; not all the alleged acts of excessive force during the H2o incident were committed by the Individual Defendants. In any event, the Court is not convinced that the incremental quantum of evidence directed solely to the *Monell* claims is so weighty as to support

the imposition of separate proceedings. Judicial economy is best served by maintaining both types of claims in a single proceeding, even if both types of claims ultimately fail.

### III. CONCLUSION

For the reasons stated above, the Court finds that Defendants' requested relief of separate trials before separate juries would be inefficient, uneconomical, and prejudicial to Plaintiffs and therefore not supported by Federal Rule of Civil Procedure 42(b). The Court **DENIES** Defendants' Motion for Separate Trials (Doc. No. 131).

**IT IS SO ORDERED.**

**SIGNED** this the eighteenth day of March, 2014.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE